NO.
12-06-00066-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DONALD BRIAN ELLIS,    §                      APPEAL FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Donald Brian
Ellis appeals his conviction for burglary of a habitation.  In three issues, Appellant contends that the
evidence was not sufficient to support the jury’s verdict and that the trial
court erred in allowing evidence of extraneous offenses to be introduced.  We affirm.

 

Background

            Sometime
around the beginning of 2005, Appellant moved onto property owned by George
Richie Murphy in Grand Saline, Texas. 
Appellant did not pay rent to Murphy, but did some work for him in
exchange for his being permitted to live on the property.  Appellant first lived in a boat on the
property and later moved into a brown building. 
The brown building had two rooms and a bathroom and contained a bed, a
refrigerator, and a microwave.  Appellant
lived in the brown building for several weeks. 
In late February 2005, Murphy told Appellant that he could no longer
live on the property, and Appellant moved out. 









            On February
28, 2005, approximately one week after Murphy told Appellant that he could no
longer live on the property, Murphy noticed that several items had been removed
from the brown building, including three nail guns that Murphy testified were
stored there.  Looking for his nail guns,
Murphy went to Carl’s Pawn & Trading Company, a pawn shop in Terrell,
Texas.  Murphy located four of his nail
guns at that shop, including the three nail guns stolen from the brown
building.  The pawn shop’s records showed
Appellant had sold the nail guns to the pawn shop on February 28, 2005.  Chester Yant, an employee of the pawn shop,
knew Appellant and identified him as the person who sold the nail guns to the
pawn shop.

            Appellant
was charged with burglary of a habitation, a second degree felony. He pleaded
not guilty to the charge, and the case proceeded to trial. During the trial,
Murphy was asked by Appellant’s counsel about other burglaries on the same
property during the same time period. Murphy testified that there were three or
four burglaries. Appellant established that he had been in jail at the time of
at least one of the reported burglaries. In response to this line of
questioning, the State asked Clarence Layne, a former Van Zandt County Sheriff’s
Deputy, about his investigation of the other burglaries reported by
Murphy.  Appellant objected to the
introduction of this testimony based on Texas Rules of Evidence 403 and 404(b).  The trial court overruled Appellant’s
objections and allowed Mr. Layne to testify that items reported stolen by
Murphy in one of the uncharged burglaries were found in Appellant’s vehicle at
the time of his arrest.

            At the
conclusion of the trial, Appellant was convicted, and punishment was assessed
at twenty years of imprisonment and a fine of $10,000.  This appeal followed.

 

Sufficiency
of the Evidence

            In his first two issues, Appellant
contends that the evidence was legally and factually insufficient to support
his conviction.  Specifically, Appellant
argues there is no evidence that the nail guns were taken from a habitation and
that the complaining witness was unreliable.

Standard of Review

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Johnson v.  State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). 

            In
reviewing factual sufficiency, we consider all the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compare
it to the evidence that tends to disprove that fact.  Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997). 
Although we are authorized to disagree with the jury’s determination,
even if probative evidence exists that supports the verdict, our evaluation
should not substantially intrude upon the jury’s role as the sole judge of the
weight and credibility of witness testimony. 
Id.; see Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996).  Where
there is conflicting evidence, the jury’s verdict on such matters is generally
regarded as conclusive.  Van Zandt
v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set
aside “only if the evidence supporting guilt is so obviously weak, or the
contrary evidence so overwhelmingly outweighs the supporting evidence, as to
render the conviction clearly wrong and manifestly unjust.”  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002); see also Watson v. State, 204 S.W.3d
404, 417 (Tex. Crim. App. 2006); Sims v. State, 99 S.W.3d 600,
601 (Tex. Crim. App. 2003).

            Under
either the legal sufficiency or factual sufficiency standard, our role is that
of appellate review, and the fact finder is the sole judge of the weight and
credibility of a witness’s testimony.  Wesbrook
v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000).  The fact finder may choose to believe all,
some, or none of a witness’s testimony.  Sharp
v. State, 707 S.W.2d 611, 614.

            The
sufficiency of the evidence is measured against the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  Such a
charge would include one that “accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.”  Id.

            A
person commits burglary of a habitation if that person, with the intent to
commit theft, intentionally and knowingly enters a habitation without the
effective consent of the owner.  Tex. Pen. Code Ann. § 30.02(a)(1)
(Vernon Supp. 2006).  A “habitation” is a
structure that is adapted for the overnight accommodation of persons and
includes each structure appurtenant to or connected with the structure.  Tex.
Pen. Code Ann. § 30.01(1)(B) (Vernon Supp. 2006).

Legal Sufficiency

            With
respect to his legal sufficiency argument, Appellant argues that the nail guns
were taken from structures on the property that were not habitations and so no
burglary of a habitation could have occurred. 
Appellant concedes that the brown building satisfies the statutory
definition of habitation.  He claims that
it is uncontroverted that the nail guns were not stored in the brown building,
but were instead stored in one of the garages on Murphy’s property.  However, Murphy clearly testified that he
stored a Paslode nail gun, a Paslode finish nailer, and a Duo-Fast staple gun
in the brown building.  He testified that
these nail guns were three of the four nail guns he recovered from Carl’s Pawn
& Trading Company.  We need not
decide whether either of the two other buildings on the property would satisfy
the definition of habitation by being appurtenant to or connected with the
principal structure because the jury could have believed Murphy’s testimony
that the nail guns were taken from the brown building that Appellant concedes
was a habitation. 

            Viewing
the evidence in the light most favorable to the jury’s verdict, the jury could
have reasonably determined that Appellant entered the brown building with the
intent to commit theft.  Therefore, the
evidence was legally sufficient to support the jury’s verdict.  Appellant’s first issue is overruled.

Factual Sufficiency

            A
review of all of the evidence without the light most favorable to the verdict
reveals some evidence that is contrary to the verdict.  Specifically, Appellant’s two brothers both
testified that they had been in the brown building and had not seen any nail
guns in the building.  One brother
testified that there was nothing in the brown building that could have been
used for storage while the other said that there was a cabinet in the brown
building that could have been used for storage.

            Additionally,
as Appellant points out, there were reasons that the jury might have doubted
the testimony of the complaining witness. 
He failed to recall, for example, an altercation between himself and
Appellant following the burglary where gunshots were exchanged.[1]  

            Generally,
it is for the jury to determine the weight to be afforded to the testimony of a
witness and to resolve any conflicts in the evidence.  See Wesbrook, 29 S.W.3d at 111
(Tex. Crim. App. 2000); see also Watson 204 S.W.3d at 409 (Texas
Code of Criminal Procedure articles 36.13 and 38.04 are often cited for the
proposition that jury verdicts should not ordinarily be disturbed when
supported by competent evidence, but criminal appellate courts in Texas have
never interpreted them to wholly prohibit the limited factual review that is
otherwise inherent in their appellate jurisdiction.).  The issues raised by Appellant are not so
troubling as to cause us to conclude that the great weight and preponderance of
the evidence contradicts the jury’s verdict or that the guilty verdict is “clearly
wrong” or “manifestly unjust.”  See
Watson, 204 S.W.3d at 417. 
The testimony of Appellant’s brothers tended to support his theory that
the guns were taken from a building other than a habitation.  And if the jury drew the same inferences from
the complaining witness’s testimony that Appellant would have us adopt, they
would have been skeptical of his testimony. 
But the jury did not have to accept the brothers’ testimony nor is their
testimony completely inconsistent with Appellant’s guilt.  Furthermore, the fact that Appellant sold the
stolen items to a pawn shop was undisputed. 
The principal matters the jury had to believe from the complaining
witness’s testimony were that the nail guns were stolen and that they were
stored in a habitation.  A reasonable
jury could have reached that conclusion despite the arguments Appellant
advances about the complaining witness’s credibility.

            Our
review of the record as a whole, with consideration given to all of the
evidence both for and against the jury’s finding, has not caused us to conclude
that the proof of guilt is so obviously weak or is otherwise so greatly
outweighed by contrary proof as to render Appellant’s conviction clearly wrong
or manifestly unjust.  Therefore, we hold
that the evidence is factually sufficient to support the jury’s verdict.  Appellant’s second issue is overruled.

Extraneous
Offenses

            In his third
issue, Appellant contends that the trial court erred in admitting evidence of
extraneous offenses.  Appellant claims
that such evidence was inadmissible based on Texas Rules of Evidence 403 and  404(b).

Standard of Review

            A trial
court’s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard.  See Rodriguez
v. State, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006); Montgomery
v. State, 810 S.W.2d 372, 390–91 (Tex. Crim. App. 1990).  The trial court is in the best position to
decide questions of admissibility, and we will uphold a trial court’s decision
to admit or exclude evidence if it is “within the zone of reasonable
disagreement.”  Rodriguez,
203 S.W.3d at 841.  A determination is
beyond the zone of reasonable disagreement if by no reasonable perception of
common experience could it be concluded that the proffered evidence had a
tendency to make the existence of a fact of consequence more or less probable
than it would be otherwise.   Montgomery,
810 S.W.2d at 391.  If the trial court’s
ruling on the admission of evidence is correct under any theory of law, the
trial court’s decision should not be disturbed even if the trial court gives
the wrong reason for its ruling.  See Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Applicable Law

            Rule 404(b)
of the Texas Rules of Evidence provides in pertinent part as follows:

 

Evidence of other crimes, wrongs, or
acts is not admissible to prove the character of a person in order to show that
he acted in conformity therewith.  It
may, however, be admissible for other purposes, such as proof of motive,
opportunity, preparation, plan, knowledge, identity, or absence of mistake or
accident. . . .

 

 

Tex. R. Evid. 404(b).  

            “Relevant
evidence” means evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence. 
Tex. R. Evid. 401.  Evidence that is not relevant is
inadmissible.  Tex. R. Evid. 402.  In Rankin,
the court of criminal appeals explained the relevancy inquiry necessary under
404(b) as follows:

 

Under Montgomery, then,
it appears that “fact of consequence” includes either an elemental fact or an
evidentiary fact from which an elemental fact can be inferred.  An evidentiary fact that stands wholly
unconnected to an elemental fact, however, is not a fact of consequence.  A court that articulates the relevancy of
evidence to an evidentiary fact but does not, in any way, draw the inference to
an elemental fact has not completed the necessary relevancy inquiry because it
has not shown how the evidence makes a “fact of consequence” in the case more
or less likely.

 

 

Rankin, 974 S.W.2d at 710.

            Extraneous
evidence may be admissible to show identity when it is an issue in the
case.  See Lane v. State,
933 S.W.2d 504, 519 (Tex. Crim. App. 1996). 
Cross examination of the State’s witnesses can place identity at
issue.  Id.  To be relevant to identity, the extraneous
offenses must be “so similar to the offenses charged that the offenses are
marked as the accused’s handiwork.”  Id.  Furthermore, evidence of extraneous offenses
may be admissible to rebut a defensive theory. 
Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001).

            Even if the
trial court determines that the evidence of extraneous offenses is admissible,
the court must conduct a balancing test to determine if the probative value of
the evidence is substantially outweighed by one or more of the named dangers.  Rodriguez, 203 S.W.3d at
843.  Factors to be considered in making
this determination include the probative value of the evidence, the potential
the other crimes, wrongs, or acts have to impress the jury in some irrational
but indelible way, the time needed to develop the evidence, and the proponent’s
need for the evidence.  Id.;
see also Tex. R. Evid.
403. 

Analysis

            Under the
facts of this case, the decision to allow evidence that Appellant had items
taken in a subsequent burglary from the same victim in his possession when he
was arrested is not outside the zone of reasonable disagreement.  Murphy’s property was burglarized at least
four times.  The first time was the
charged offense.  Appellant sold the
fruits of that burglary to a pawn shop. After that burglary, there were one or
two other burglaries (middle burglaries) that occurred before Appellant was
arrested.  The fruits of those
burglaries, or some of them, were recovered in Appellant’s vehicle when he was
arrested. It is these burglaries that the State sought to introduce as
extraneous offenses.  Finally, there were
two other burglaries that occurred during a time that Appellant was in police
custody.  

            The State
argues that the extraneous offense evidence is admissible because identity was
at issue.  We cannot accept the identity
argument in this context.  To be relevant
to identity, evidence of an extraneous offense 
must be so similar to the charged offense that the offenses illustrate
the defendant’s “distinctive and idiosyncratic manner of committing criminal
acts,” akin to a “signature.”  See Page
v. State, Nos. PD-1744-05, PD-1745-05, 2006 Tex. Crim. App. LEXIS 2446,
at *8 (Tex. Crim. App. Dec. 20, 2006). 
These burglaries were of the same structure, or at least from structures
on the same real property, but there is no other commonality between the
charged and the middle burglaries that shows them to be of the same handiwork
or to be characterized by a distinctive and idiosyncratic manner of
commission.  The fact that there were
other similar burglaries after Appellant was arrested further undercuts the
argument that these burglaries were necessarily Appellant’s handiwork.  

            The State
also argues that the evidence was admissible to rebut a defensive theory of the
case.  Appellant asked Murphy about other
burglaries that occurred after the initial burglary.  This questioning was directed at the
burglaries that occurred after Appellant was in custody but included the middle
burglaries.  The State argues
persuasively that this line of questioning had the potential to create the
false impression that there was a single burglar who committed all of the
burglaries, including the burglary charged in the indictment.  To rebut this theory, the State sought to
introduce evidence that suggested Appellant had been involved in the middle
burglaries.  In this context, the trial
court’s decision to admit evidence of Appellant’s involvement in the middle
burglaries to rebut the single burglar defense was not outside the zone of
reasonable disagreement.

            The
probative value of this evidence outweighs the danger of any unfair
prejudice.  The probative value of the
evidence under these circumstances is high as Appellant’s possession of the
stolen property is strong evidence refuting his theory that all of the
burglaries were committed by another person. 
This certainly damaged Appellant’s single burglar defense, but we are
not persuaded that there was any unfair prejudice.  In fact, the State would have been unfairly
prejudiced if the evidence had not been admitted as Appellant would have been
free to argue that another person committed all of the uncharged burglaries
and, inferentially, the charged burglary. 
The fact that Appellant had stolen goods in his possession does not
appear to be the kind of evidence, in this context, that would impress a jury
in some “irrational but nevertheless indelible way.”  See Montgomery, 810
S.W.2d at 390.  The State’s need for the
evidence was real, and occasioned by Appellant’s implicit attempt to shift
blame for the middle burglaries to another person.  We perceive little danger of confusion of
issues, and the time needed to develop the evidence was minimal.  

            The decision
to admit the extraneous evidence was not outside a zone of reasonable
disagreement.  We overrule Appellant’s
third issue.

 

Disposition

            Having
overruled Appellant’s three issues, the judgment of the trial court is affirmed.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered January 24,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Appellant also argues that Murphy failed to remember “his own felony
conviction.”  Appellant has not directed
us to, and we have not found, a place in the record where it was shown that
Murphy had been convicted of a felony offense. 
When asked, Murphy said that he did not remember being convicted of a
felony offense.